## STATE VS. HINSON.

INDICTMENT: *For disturbing a religious congregation.*

In an indictment for disturbing a religious congregation by improper lan-
guage, the character of the language, or the words spoken, need not be
alleged; if the disturbance is by acting, the better practice would be to in-
dicate in general terms, without alleging the details, the general charac-
ter of the disturbing acts.

APPEAL from *Faulkner* Circuit Court.

————————, Circuit Judge.

*Henderson,* Attorney General, for the State.

*Wilshire & Allen,* contra.

ENGLISH, CH. J.:

Hinson was indicted as follows, after the usual caption:

"The Grand Jury of Faulkner County, in the name and by
the authority of the State, etc., accuse Lucius Hinson of the
crime of disturbing a religious congregation committed as fol-
lows, viz: The said Lucius Hinson, on the 13th day of August,.
A. D. 1876, in the county and State aforesaid, said day being the
Sabbath day, unlawfully and contemptuously did disturb the:
congregation then and there assembled for religious worship in
Cypress Valley Church, by acting and talking in a manner that
was calculated to disturb, insult and interrupt said congregation.
Such acting and talking, being in. the presence and hearing of
said congregation, then and there assembled for religious worship,
against the peace," etc.

The defendant demurred to the indictment on the ground that.
the facts therein charged did not constitute a public offense.

The court sustained the demurrer, and the State appealed.

Sec. 1624, Gantt's Digest, under which the indictment was no-
doubt drawn, was made up by blending sec. 1, Art. iii, div. 7,.
Ch. 44, of the Revised Statutes, and part of the act of January
10th, 1857, amendatory thereof.

The original statute is in the following words:

"If any person shall, maliciously, or contemptuously, disturb or disquiet any congregation, or private family, assembled in any church or other place, for religious worship, by profanely swearing, or using indecent gestures, or threatening language, or committing any violence of any kind, to or upon any person so assembled, the person so offending, upon conviction thereof, shall be adjudged guilty of a misdemeanor, and shall be fined in any sum not less than $20, and not more than $50." Rev. Stat., p. 72; English's Dig., sec. 1, Art. vi, part 8, Ch. 51, p. 370.

In *State* v. *Ratliff*, 10 Ark. (5 English), 530, held that in an indictment under this statute for disturbing a religious congregation by profanely swearing, it was not necessary to charge the particular language used by defendant. That the disturbance of the congregation was the gist of the offense, and the contemptuous and profane swearing alleged, was the means of disturbance, and hence the particular language employed by the offender was not material, and need not be alleged.

In *State* v. *Minyard*, 12 Ark. (7 Eng.), 156, held that an indictment charging defendant with maliciously and contemptuously disturbing and disquieting a congregation assembled for worship, without alleging the manner of disturbance, was bad. But that it was not necessary to charge the manner of disturbance in any language more explicit than that used in the statute, as by profanely swearing, or by using indecent gestures, etc., as the case might be. That all greater particularity of description, beyond the general description in the words of the statute, or by words of equal import, were properly matters of evidence, etc. So in *Fletcher et al.* v. *State*, id., 169.

In *Stratton* v. *State*, 13 Ark., 688, the accused was charged with disturbing a congregation by using indecent gestures and threatening language. The proof was that while the preacher

was discoursing, he made some remarks of a controversial character, whereupon defendant, who was a preacher of another denomination, interrupted his discourse by declaring "the doctrines you advance are false; I hold in my hand the Word of God, and am prepared to defend it at all times," the defendant being excited, but using no gestures or threatening language. Held, that he was improperly convicted upon this evidence, which did not sustain the manner of disturbance alleged. Mr. Ch. J. Watkins, who delivered the opinion of the court, remarking upon the statute, said: "So, various modes of disturbance may be supposed, not falling within any of the descriptions enumerated in the statute, such as loud talking or laughing, with the intention of creating a disturbance. So, if a spectator in the congregation were to take it upon himself to hiss or applaud, or the firing of guns in the vicinity of a church during divine service, if done of purpose to disquiet the congregation. It might be the duty of the court to decide that all such acts (not embraced by the statute) may be indicted and punished as common law offenses, because they are irreverent, and because they are unlawful invasions of the rights of others to worship according to the dictates of their own consciences, and tending evidently to breaches of the peace."

In *State* v. *Horn*, 19 Ark., 578, which was an indictment upon the same statute, the defendant was charged with disturbing a congregation by " profanely swearing," and by " talking and laughing aloud." On demurrer to the indictment for duplicity, the court held that a disturbance by profanely swearing, as charged, was an offense within the statute, but that a disturbance by " talking and laughing aloud," however impolite, was not made criminal by the statute; and, hence, these words were treated as surplusage.

The object of the act of January 10th, 1857, amending the above statute, was to enlarge its scope, and make punishable modes of disturbance which were not within its provisions.

Sec. 1 provides: "That, if any person shall maliciously or contemptuously disturb any congregation, or private family, assembled in any church, or other place, for religious worship, or persons assembled for the transaction of church business, by using any language, or acting in any manner that is calculated to disquiet, insult, or interrupt said congregation, the person so offending shall be proceeded against, and fined as now prescribed by the law to which this is an amendment.

"Sec. 2. This act shall be so construed as in aid of the before recited act, to which it is an amendment, and not as a repeal thereof," etc. Acts of 1856–7, p. 79, Gould's Digest, secs. 2 and 3, Art. 6, part 8, Ch. 51, p. 375.

By the original statute, the only disturbances, by language, that were made criminal, were a disturbance by "profanely swearing" and a disturbance by the use of "threatening language."

By the amending act, a contemptuous disturbance, by " using any language" calculated to disquiet, insult, or interrupt, etc., is made criminal.

By the original statute, the only disturbances by *acts*, made criminal, were such as were produced by "using indecent gestures," or by "committing any violence of any kind, to, or upon any person," so assembled, etc.

By the amending act, a contemptuous disturbance by "acting in any manner that is calculated to disquiet, insult, or interrupt" the congregation, is made criminal.

If the disturbance is by the use of language, or talking, which is an equivalent expression, the words spoken, or the character of the language used, need not be alleged. Mere noise, by any

kind of talking, or the use of language, may disturb the congregation, which is the gravamen of the offense. If, upon the trial, the language is shown to have been obscene, vulgar, or offensive, and not mere noise, the punishment might be enhanced.

If the disturbance is by acting, we think the better practice would be to indicate, in general terms, without going into details, the character of the disturbing acts, as by hissing, applauding, laughing, disorderly moving about, or any other disturbing conduct that may be described in general terms.

The charge in the indictment before us is, in substance, that the defendant unlawfully and contemptuously disturbed the congregation "by acting and talking in a manner that was calculated to disturb, insult and interrupt said congregation," etc.

If the words "acting, and," be treated as surplusage, so as to leave the charge to read, "by talking in a manner calculated to disturb," etc., we think an offense is sufficiently alleged within the statute as amended.

The argument of counsel for appellee, that he may have been talking under the influence of the spirit, may be more appropriately addressed to a jury after they shall have heard all the evidence in the cause. A sensible jury will, no doubt, be able to determine whether he was talking under the impulse of a good or bad spirit—whether he was expressing religious emotions, as some enthusiastic people do, or ill-manneredly talking, with a contemptuous disregard for the quiet of the congregation. The motive of the accused may be well left to the jury, under the advice of the court.

The judgment is reversed, and the cause remanded, with instructions to the court below to overrule the demurrer, and hold the appellee to answer the indictment.