### STATE *v.* A. C. DEWEY.

*Criminal Law.  Intoxicating Liquor.*

The Revised Laws took effect August 1st, 1881 ; this complaint was dated September 15th, 1881, charging " an offence against the provisions of chapter ninety-four of the General Statutes,"—the furnishing of intoxicating liquor, &c.  The respondent moved to quash ; the state's attorney, to amend by erasing the words, " *of chapter ninety-four*," and the word, " *general.*"  *Held*, as there was a statute in force at the date of the complaint making the doing of the act, with which the respondent was charged, an offence, that the italicised words did not vitiate the complaint, but should be treated as surplusage.

COMPLAINT for furnishing intoxicating liquor, &c.  Heard on motion to quash.  March Term, 1882, REDFIELD, J., presiding. Motion overruled.  The facts are sufficiently stated in the opinion, except that the complaint was dated Sept. 15, 1881.

*State's Attorney*, for the State.

*Geo. W. Wing*, for the respondent.

The opinion of the court was delivered by

ROYCE, Ch. J.   The complaint, before it was amended by leave of court, charged the respondent with an offence against the provisions of c. 94 of the General Statutes of Vermont, in relation to the traffic in intoxicating drinks.   The respondent moved to quash, for the reason that c. 94 of the General Statutes was not in force at the date of the complaint and warrant, but had been repealed.   The state's attorney thereupon moved to amend by striking out the words " of chapter ninety-four" and " general" before the word statutes ; and leave was granted to make the amendment.   The motion to quash was overruled and exceptions taken. The respondent also excepted to the ruling of the court allowing the amendment.

It is conceded that there was a statute in force at the date of the warrant and complaint, which made the doing of the act, with which the respondent was charged, an offence.   Did the averment that the offence was against the provisions of a chapter of the General Statutes that had been repealed vitiate the complaint so that no conviction could be had under it ?

The general rule is that all descriptive averments in an indictment must be proved as laid ; but if .an averment may be entirely omitted without affecting the charge against the prisoner or detriment to the indictment, it may be disregarded in evidence, and may be rejected as surplusage, if the indictment would be good without it.   31 N. H. 520 ; 4 Pick. 252 ; 1 Whart. C. L. s. 622.   In *People* v. *Reed*, 47 Barb., it was decided that it was no valid objection to an indictment that it recited the wrong year in which the statute, under which the defendant was indicted, was enacted.   The words which were stricken out were unnecessary ;   the State was under no obligation to aver or prove them. The complaint being good with those words in it, the rights of the respondent were not prejudiced by allowing them to be stricken out. This view makes it unnecessary to consider the question of the power of the court to allow the amendment to be made.

The motion to quash was properly overruled, and the respondent takes nothing by his exceptions.