Wood v. State.

---

## WOOD v. STATE.

1. **EMBEZZLEMENT:** *By public officer; Indictment.*
   The act of July 9, 1868, (*Gantt's Dig., sec. 1375,*) for the punishment of embezzlement by public officers, was by implication repealed by the act of 20th February, 1883, (*Mansfield's Dig., sec. 1643,*) and an indictment under the last act must charge that the accused had taken the oath of office.

2. **INDICTMENT:** *For statutory offense; Essentials.*
   An indictment upon a statute must state all the circumstances which constitute the statutory offense; no case being brought within a statute unless it is completely within its words. The precise words of the statute need not be followed. Words of equivalent import, or more extensive signification, which necessarily include the words of the statute, may be substituted.

APPEAL from *Carroll* Circuit Court.
Hon. I. M. PITTMAN, Circuit Judge.

Wood v. State.

*O. W. Watkins* for Appellant.

The act of 1883 (*Acts 1883, p. 56,*) by implication repealed *Gantt's Dig., sec. 1371*. It contained *new* provisions, and covered the entire subject matter.

The indictment does not comply with the statute, and is fatally defective, leaving out the *material* words "who has taken the oath of office," etc.

Where it is a crime only under certain circumstances, the indictment must aver and set out the circumstances, else it will be insufficient. *1 Best. Cr. Pro., 1 ed., secs. 282, 362, 366; Myers' Fed. Dec., vol. 12, sec. 1433; 53 N. Y., 513; 67 Id., 19; 30 Ark., 497; 36 Id., 64.*

Criminal statutes are strictly construed, and no case is to be brought by construction within a statute, unless it is completely within its words. *38 Ark., 521; 1 Best. Cr. Pro., 2 ed., secs. 612, 615, note 2;* also *53 Ala., 481; 25 Am. Rep., 643; 3 Humph., 483; 39 Am. Rep., 189; 5 Denio, 76.*

*Dan W. Jones*, Attorney General, for Appellee.

The indictment charged that he was "duly elected and acting." There is no good ground for the appellant's assumption that the taking of the oath is an aggravation of the offense; the statute, *Sec. 1643, Mansf. Dig.*, does not state a punishment for an officer who takes no oath and then a greater punishment for one who has taken an oath. It is charged that he "was acting," and *Sec. 4781, Mansf. Dig.,* requires each officer to take an oath before entering upon the duties of his office. In *Tully v. People, 67 N. Y., 19*, cited by appellant, it is held to be unnecessary to follow the precise words of the statute, if words of a more comprehensive meaning, covering those of the statute, be used.

But is it not a good common law indictment? It is said in *2 Bish. Crim. Law, sec. 320,* that no reason is perceived why the original statute on embezzlement should not be common law in this country. One employed by a township as an accountant and treasurer was held for embezzlement. *2 Arch., 1346; R. v. Squire, R. & Ry., 849; 2 Bish. Cr. L., sec. 349.*

It was only necessary to show a failure to settle. *Mansf. Dig., sec. 1643.*

1. EMBEZZLE-
MENT:— Indict-
ment.

SMITH J. The indictment charged that the defendant, on the 10th day of September, 1883, being then and there the duly elected and acting county treasurer, in and for the said county of Carroll, and having then and there in his hands, as such county treasurer, a large amount of money, to-wit: $181,22, and of that value, the property·of common school district No. 39, in said county, said money being then and there public funds, and being composed of national bank bills and United States treasury notes, of the money of the United States of America, commonly called greenbacks, but a more particular description whereof is to the grand jurors unknown, and while he, the said Henry Wood, was acting as such county treasurer as aforesaid, having such money in his hands by virtue of his said office, he, the said Henry Wood, did then and there feloniously, wilfully, and with felonious intent to cheat and defraud said school district and the citizens thereof, feloniously convert the same to his own use and benefit, and. thereby swindle and defraud the said school district of their lawful funds, etc.

A demurrer and a motion in arrest of judgment were overruled; and the defendant was sentenced to a term of five years in the penitentiary.

The act of July 9, 1868, entitled "An act to define and punish embezzlement of any officer of the state employed in the collection of the public revenue;" provided, "That every

officer of the state, city, county or township, who is, or has been, employed in the collection of the public revenue, or who has any public funds in his hands, and who has converted to his own use, or otherwise misapplied, any part of the money or funds collected by him, or which may have come to his possession by virtue of his employment, and every such officer who shall fail, or omit, to pay the amount found due from him upon settlement directed in this act by the judges of the county court, shall, on conviction, be fined not less than $500, and be imprisoned in the penitentiary not less than one year nor more than five." *Gantt's Dig., sec. 1371.*

On the 20th of February, 1883, another act was passed for the better protection of the public revenues, which reads as follows: "That every officer of the state, county, city, incorporated town, or township, who has taken an oath of office, as required by law, employed in the collection of the public revenue, or who may have any public funds in his hands, who shall convert the same to his own use, or use it in any way for his private purposes, or shall loan, or permit any other person to use, or otherwise misapply, any part of the money or funds so collected by him, or which may have come into his possession by virtue of his employment, and every such officer who shall fail or omit to pay the amount found due by him upon settlement, shall be deemed guilty of a felony, and on conviction thereof, shall be imprisoned in the penitentiary not less than five (5) nor more than twenty-one (21) years." *Mansf. Dig., sec. 1643.*

The later act contains no repealing clause and makes no reference to the earlier one. But, as it covers the whole subject and embraces new provisions, we must hold that it was intended as a substitute for the first and that it operates as an implied repeal. *Pulaski Co. v. Downer, 10 Ark., 588; Mears v. Stewart, 31 Ark., 17; U. S. v. Tynen, 11 Wallace, 88.*

And of this opinion were the gentlemen having charge of the revision of 1884; for the first statute is omitted in their compilation.

The indictment must therefore be regarded as framed upon the last enactment. And such was the view of the circuit court, as we perceive by its directions to the jury upon the measure of punishment to be meted out to the defendant, in case they found him guilty.

2. INDICTMENT: Essentials.    Now, there is a patent defect in the indictment, in that it does not aver that this county treasurer ever took the oath of office. No doubt it was a piece of folly to insert in the act the qualifying clause, "who has taken an oath of office;" but having been inserted, the words become essential in the description of the offense and can not safely be omitted from the indictment. *1 Bishop Cr. Pro., 3 ed., sec. 618, and cases cited.* For an indictment upon a statute must state all the circumstances which constitute the statutory offense, no case being brought by construction within a statute unless it is completely within its words. *State v. Graham, 38 Ark., 519; People v. Allen, 5 Denio., 76; Wood v. People, 53 N. Y., 511; Budd v. State, 3 Humph., 483.*

This principle is illustrated by the case of *Sikes v. State, 30 Ark., 496.* That was an indictment against a clergyman for solemnizing the rites of matrimony between infants without the consent of the parents or guardians. But it did not allege that there was a parent or guardian in this state. And it was adjudged bad, because the statute said, "if they have either parent or guardian living in this state."

It is not indeed necessary that the words of the statute should be precisely followed. Words of equivalent import, or more extensive signification, which necessarily include the words of the statute, may be substituted. *Tully v. People, 67 N. Y., 15.*

Thus it would, perhaps, have been sufficient to aver that the defendant had duly qualified as treasurer. But the allegation is only that he had been elected, and was acting in that capacity. This was not equivalent to saying that he had taken the oath of office.

The judgment is reversed and the cause remanded with directions to arrest the judgment.