STATE *v.* BOOE.

Opinion delivered July 8, 1896.

INDICTMENT—DISTURBANCE OF RELIGIOUS CONGREGATION.—An indictment for disturbing a religious congregation, under the act of January 10, 1857, is insufficient if it fails to allege that the language or conduct charged as a disturbance was calculated to disquiet, insult, or interrupt the congregation.

Appeal from Lonoke Circuit Court.

JAMES S. THOMAS, Judge.

*E. B. Kinsworthy*, Attorney General, for appellant.

It was not necessary for the indictment to state that the words and acts of defendant were done in a

*manner calculated to disturb, insult or interrupt the congregation.* Sand. & H. Dig., sec. 1541. The indictment charges appellant with disturbing the congregation by doing certain things, naming them. This is sufficient. 31 Ark. 638; 14 Ind. 219; 47 Ark. 233. It is not necessary to use the exact language of the statute. Sand. & H. Dig., sec. 2088, 2090, 2076.

The appellant, *pro se.*

Cited 31 Ark. 638; 19 *id.* 578; 47 *id.* 223, 488.

BATTLE, J. The indictment against the defendant is based on section 1541 of Sandels & Hill's Digest, which is as follows : "If any person shall maliciously or contemptuously disturb or disquiet any congregation * * * * by profanely swearing or using indecent gestures, or threatening language, or committing any violence of any kind to or upon any person so assembled, or by using any language, or acting in any manner that is calculated to disquiet, insult, or interrupt said congregation, he shall, upon conviction thereof, be fined in any sum not less than twenty nor more than fifty dollars." This section is a consolidation of two acts of the general assembly, the first of which makes it an offense to maliciously or contemptuously disturb a religious congregation by profanely swearing, or using indecent gestures, or threatening language, or committing any violence of any kind to or upon any person so assembled." Finding that many disturbances which are contrary to good morals are not embraced in this act, the legislature enlarged its scope, and by a second act, of which section 1541 of Sandels & Hill's Digest is in part composed, made public offenses of all malicious or contemptuous disturbances of congregations assembled for religious worship or the transactions of church business which are caused "by using any language or acting in any manner that is calculated to disquiet,

insult, or interrupt said congregations." (Act Jan. 10, 1857). *State* v. *Hinson*, 31 Ark. 638.

To constitute an offense under the second act there must be a disturbance; the disturbance must be caused by language or acts; and the language or acts must be calculated to disquiet, insult, or interrupt the congregation. To accuse a person of an offense under it, *it is* not sufficient to allege that a religious congregation was maliciously or contemptuously disturbed by him, but, in order to complete the offense, it must be further shown that the disturbance was caused by using language or acting in a manner calculated to produce such a result. *State* v. *Hinson*, 31 Ark. 638.

The indictment under consideration is based on the second act. It alleges that the defendant maliciously and contemptuously disturbed a religious congregation by "laughing and talking, and putting his head in the lap of William Shute, and making remarks upon a sermon as it was being delivered." It alleges that the disturbance was made and the conduct or acts which caused it, but does not show in any manner that the acts or conduct was calculated to produce it. In this it is fatally defective. "For an indictment upon a statute must state all the circumstances which constitute the statutory offense, no case being brought by construction within a statute unless it is completely within its words." *Wood* v. *State*, 47 Ark. 488. "It is not indeed necessary that the words of the statute should be precisely followed. Words of equivalent import, or more extensive signification, which necessarily include the words of the statute, may be substituted." *Wood* v. *State*, 47 Ark. 488.

The demurrer to the indictment was properly sustained, and the judgment of the circuit court is affirmed.

WOOD, J., (dissenting). The indictment charges that the defendant "unlawfully and maliciously and

contemptously did *disturb and disquiet a religious congregation,*" (naming it), "*by then and there laughing and talking, and putting his head in the lap of Will Shute, and making remarks upon the sermon as it was being delivered,* against the peace and dignity of the State of Arkansas." It is contended that the indictment is defective because it fails to allege that the words or acts were said and done "in a manner that was calculated to disturb, insult, or interrupt said congregation." How is it possible for one to *maliciously and contemptuously disturb* a congregation without doing or saying something in a manner that is calculated to disturb? If the disturbance actually took place as was alleged, then how can it be said, without a plain contradiction in terms, that the words or acts were not said and done "in a manner calculated to produce it." After alleging that the congregation was *maliciously and contemptuously disturbed,* and setting forth the words and acts by which it was done, it was unnecessary to add that such acts and words were "calculated to disturb." Had the pleader done so, to my mind, he would have been guilty of inexcusable redundancy.

Sec. 2088, Sand. & H. Dig., declares: "The words used in a statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used." Here the indictment followed the exact language of the statute, so far as it was essential to describe the offense. It alleged that the congregation was disturbed, and that it was unlawfully, maliciously and contemptuously disturbed, and set out the means by which it was done. This was sufficient, under *State* v. *Hinson,* 31 Ark. 638.

The words, "in any manner that is calculated to disquiet, insult, or interrupt said congregation," do not add anything to the offense, which has been fully and accu-

rately described in the preceding language of the section. The whole clause can be omitted and the offense be left complete, just as the legislature designed it. It is surplusage, and for the sake of brevity and force should be omitted. "Needless words and averments may ordinarily be treated as mere waste material, having no legal effect whatever. They need not be proved or otherwise regarded." 1 Bishop, Cr. Pro. 478; *State* v. *Dewey*, 55 Vt. 550; *Feigel* v. *State*, 85 Ind. 580.

To constitute the offense, the disturbance must be *malicious or contemptuous*. The law looks alone to the motive in this offense. If any one *maliciously or contemptuously disturbs* a congregation by words or acts, necessarily he does it *in a manner that is calculated to disquiet, insult, or interrupt said congregation*; for in no other way could a congregation be disturbed under the statute. So that the words *maliciously or contemptuously* refer to the manner of the disturbance, and express the whole meaning intended to be conveyed by the clause omitted. *Wood* v. *State*, 47 Ark. 488.

In my opinion, the judgment should be reversed, and the cause remanded, with directions to overrule the demurrer.