## PETTY v. STATE.

### Opinion delivered February 5, 1912.

1. COUNTY COTTON WEIGHER ACT—SUFFICIENCY OF INDICTMENT.—An indictment for violating section 6 of the county cotton weigher act of 1905, as amended in 1907, which alleges that one S. was the duly elected, qualified and acting cotton weigher for the county, having his scales in the town for weighing cotton, and that defendant, knowing these facts, unlawfully did weigh cotton sold in the town, substantially alleges a violation of such act. (Page 173.)

2. INDICTMENT—STATUTORY OFFENSE.—It is not necessary that an indictment for a statutory offense follow the statute literally; charging the offense substantially in the statutory language being all that is required. (Page 174.)

3. COUNTY COTTON WEIGHER—VALIDITY OF STATUTE.—The county cotton weigher act is a valid exercise of the State's police power. (Page 174.)

4. CRIMINAL LAW—DIRECTING A VERDICT.—Where the uncontradicted evidence in a misdemeanor case showed that defendant was guilty of the offense charged, it was not error to direct a verdict against him. (Page 175.)

Appeal from Polk Circuit Court; *Jeff T. Cowling*, Judge; affirmed.

*J. I. Alley*, for appellant.

1. The demurrer to the indictment should have been sustained. It is material, to effectuate the purpose and intent of the act, that the weigher should have complied with the act by procuring the scales, having them tested as provided by law, and by placing them in a convenient place, easy of access for the public, and it should be alleged in the indictment. Acts 1905 p. 704-5-6, § 4. It is further defective in that it does not allege that the cotton weighed by appellant was presented to the public weigher and his weights demanded. *Id.* § 4, *proviso*. See also *Id.* § 6.

While in statutory offenses it is not necessary to set out in the indictment the precise words of the statute, it is necessary to set out all the facts necessary to constitute the offense. 77 Ark. 321; 47 Ark. 488; 62 Ark. 512; 90 Ark. 343. And nothing should be left to intendment. 93 Ark. 81; 47 Ark. 492.

2. The act is unconstitutional. Art. 2, § § 2, 8, Const. 58 Ark. 421; 33 W. Va. 179.

*Hal. L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. The indictment sufficiently complies with the requirements of the Criminal Code. It is not necessary in charging a statutory offense that an indictment follow literally the language of the statute. 90 Ark. 343; 77 Ark. 321; Kirby's Digest, § § 2228, 2241, 2242, 2243; 94 Ark. 87; 93 Ark. 406; 97 Ark. 6.

2. The act is constitutional, and similar acts have often been upheld. 69 Ark. 521; 81 Ark. 304; 211 U. S. 539; 94 Ark. 36; Tiedeman on State & Federal Control of Persons & Property, 261, 262, 300; Tiedeman on Police Power, 208; 123 Ia. 654; 12 Wis. 676; 34 Ark. 603; 70 Ark. 221.

WOOD, J. The Legislature of 1905 passed a special act providing for the election of a county cotton weigher for Polk and certain other counties. Sections 1 and 6 of this act were amended in 1907 to read as follows:

"Section 1. That at the next general election for State and county officers and every two years thereafter there shall be elected, in the same manner and under the same restrictions as is provided by law for the election of other officials, a county cotton weigher for the counties of Howard, Columbia, Polk, Montgomery, Nevada, White and Clark, who shall hold his office for the term of two years, or until his successor shall have been elected and qualified: *provided*, the law now in force in Columbia shall remain in full force and effect in Columbia County.

"Section 6. Any cotton weigher elected under the provisions of this act, or any deputy appointed, shall receive as compensation for his services ten cents for each bale of cotton weighed, and five cents for each wagon load of cotton, cotton seed, or other product that he may be called upon to weigh, and he shall make no extra charges for any kind of produce he may be called upon to weigh, said fees to be paid by the purchaser. And it is further provided that if any person or persons, other than the said cotton weigher or his legally appointed deputy, shall weigh or attempt to weigh any cotton sold or

marketed in the town or village where the said cotton weigher or his legally appointed deputy keeps his scales and is acting in his official capacity, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than ten dollars ($10) nor more than twenty-five dollars ($25), and each bale of cotton so weighed or attempted to be weighed shall constitute a separate offense."

The indictment in this case was drawn under section 6, as amended by the act of 1907, and, omitting formal parts, is as follows:

"The grand jury of Polk County, in the name and by the authority of the State of Arkansas, accuse George Petty of the crime of violating the cotton weighing law, committed as follows, towit: The said George Petty, in the county and State aforesaid, on the 10th of November, A. D. 1910, the said George Petty not being then and there duly elected, qualified and acting cotton weigher, or his deputy, for Polk County, Arkansas, and not having then and there the right and authority under the law to weigh cotton sold and marketed in the town of Mena, Polk County, Arkansas, did unlawfully weigh cotton sold and marketed in the town of Mena, Polk County, Arkansas, when one J. H. Sims was then and there the duly elected, qualified and acting cotton weigher for Polk County, Arkansas, and having then and there his scales for the purpose of weighing cotton sold and marketed in said town of Mena, Polk County, Arkansas, the said J. H. Sims, cotton weigher as aforesaid, was then and there acting in his official capacity as such cotton weigher and attempted to weigh cotton sold and marketed in the town of Mena, Polk County, Arkansas, as aforesaid, all of which the said George Petty then and there well knew, against the peace and dignity of the State of Arkansas."

A demurrer to the indictment was overruled, and exceptions saved. A plea of not guilty being entered by the defendant, the cause proceeded to trial.

It was in evidence and undenied that J. H. Sims was the duly elected, qualified and acting cotton weigher for Polk County, and had scales situated in the town of Mena for the purpose of weighing cotton. It is also undenied that George

Petty bought cotton and weighed it in the town of Mena, where official scales were situated.

The appellant testified, in substance, as follows: "I am the defendant. I have no recollection of weighing any cotton myself, but my clerks and employees weighed cotton on my scales. There was no cotton weighed by them on my scales except my own cotton, after I had already bought and branded it. I bought it before it was weighed, and settlement was to be made according to my scales. I reweighed some that had been weighed by Mr. Sims. I already had scales located at this place long before there was a weigher or even scales established by him.

"Sims had his scales about 120 feet from the platform, and the people had to come with their cotton and wait for Sims to weigh it and reload it on the wagon and carry it to the railroad platform before any of the men who bought cotton would receive it. Now, the reason they would not receive cotton on Sims' platform was because it cost money to transfer it from Sims' platform to where the railroad would issue bills of lading for it. Buyers would not pay for it there at Sims' platform, and the railroad would not issue bills of lading for it out there on a vacant lot. Before the seller could get any money for it after it was weighed by Sims, it had to be moved to where the company would receive it. I do not know what it was worth to reload and move the cotton. However, I always had to pay ten cents to get it moved per bale. Sometimes I paid for cotton as per Sims' weights, and some of the time by mine. I reweighed some of it for the reason there was complaint at Sims' weights. When I weighed, I charged ten cents, the same as the law allowed. I did not weigh cotton for the public. I only weighed my own cotton; in other words, I did not weigh for the other buyers."

Motions in arrest of judgment and for new trial were filed, overruled and exceptions saved; appeal prayed and perfected.

1. The indictment was valid. The indictment was framed under section 6 of the act of 1907 and follows substantially the language of that section. It was not necessary for the pleader to allege that the public cotton weigher had prepared a convenient place, easy of access to the public, for the performance of his duties, and that he had provided a pair of scales

which had been tested as required by law. These were require-
ments of the statute for the public weigher in prescribing his
duties, but it is not essential to the validity of the indictment to
set them out. The indictment specifically alleges that J. H.
Sims was the "duly elected, qualified and acting cotton weigher
for Polk County, and having then and there his scales for the
purpose of weighing cotton sold and marketed in said town of
Mena, and that he was then and there acting in his official
capacity as such cotton weigher," and that the appellant knew
these facts. These allegations were sufficient to call for and
to have admitted evidence on the part of the State showing
that the public weigher was complying with the requirements
of the statute so far as he was concerned. It was not neces-
sary for the indictment to allege that the cotton weighed by
defendant, for which he was indicted, had been presented to
the cotton weigher and a demand made upon him to weigh such
cotton. There is no provision in the act that the services of
the public weigher should be demanded except for cotton in
the seed. The law made it the duty of all persons engaged in
the business of buying and selling cotton in the bale to have same
weighed by the public weigher; but whether demand was made
upon the public weigher by persons buying and selling cotton
to weigh the same or not, any one not a public weigher who
undertook to weigh cotton in the bale that had not been
weighed by the public weigher would be guilty of a violation
of the statute.

It is not necessary for an indictment to follow the statute
literally. Charging the offense substantially in the language
is all that is required. *Richardson* v. *State*, 77 Ark 321; *State*
v. *Peyton*, 93 Ark. 406; *Harding* v. *State*, 94 Ark. 65; *State*
v. *Pearce*, 97 Ark. 6; sections 2228, 2241-2-3, Kirby's Digest.

2. The statute under which appellant was indicted is
not unconstitutional.

In the case of *Wills* v. *Fort Smith*, 70 Ark. 221, an ordinance
was under consideration, which provided as follows: "It
shall be unlawful for any person hereafter to sell, barter or
exchange coal in any quantity in the corporate limits of this
city until they have first weighed the same upon the city scales
of the city of Fort Smith and paid the weigher the sum of ten
cents for the weighing of any load or part of a load of coal."

Judge Riddick, speaking for the court, in passing upon this statute, said: "Now, our statute expressly grants power to cities 'to provide for the measuring or weighing of any wood or other article of sale.' Under this statute the city had the power to require parties selling coal in the city to weigh the same on scales provided by the city, and to pay a reasonable fee for the weighing;" citing *Taylor* v. *Pine Bluff*, 34 Ark. 603. These cases are in point, and rule the question as to the validity of the act under consideration. The principles announced by this court also in the cases of *Woodson* v. *State*, 69 Ark. 521, and *McLean* v. *State*, 81 Ark. 304, when applied to the act under consideration, establish its validity.

The uncontradicted evidence showed that appellant was guilty of the offense charged, and therefore the court did not err in directing a verdict against him. The judgment is affirmed.

Frauenthal, J., dissents.