## PETTY *v*. LYONS.

### Opinion delivered November 23, 1914.

COUNTY COTTON WEIGHER—FEES—SCALES AND WEIGHTS.—A county cotton weigher is required under Kirby's Digest, § § 8003-5, as amended by Act 243, Acts 1905, to provide himself with a pair of scales officially tested and sealed, in conformity with the standard in the office of the Secretary of State, and he is not entitled to the fees for weighing cotton as provided by the statute, where he fails to provide himself with scales tested as the law requires, irrespective of whether his failure was his own fault or the fault of some official over whom he had no control.

Appeal from Polk Circuit Court; *Jefferson T. Cowling, Judge;* reversed.

*J. I. Alley,* for appellant.

The scales used by the appellee were tested in the manner provided by law. Kirby's Dig., § § 8003, 8004, 8005. Polk County did not procure a set of weights and measures, tested and sealed by the Secretary of State, as provided by section 8004, *supra,* and, therefore, appellee had no test of weights as the law required. The

purpose of his office failed. 30 Am. & Eng. Enc. of L., 449; *Id.* 459; 1 Allen (Mass.) 434; 39 Minn. 143; 109 Mass. 220; 40 Cyc. 886.

There is no contractual relation between these parties. Appellee must recover, if at all, upon a liability created by law.

*Elmer J. Lundy,* for appellee.

A test was made of appellee's scales by the only weights available for that purpose. There is no evidence that this test was incorrect, nor that the scales used by appellee were not correct, or that the weighing was not properly done. It can not be that the appellee, after having done all in his power to procure tests, and after the county clerk had done all in his power toward procuring, will be deprived of his compensation because of the failure of the Secretary of State to furnish the county with the proper weights and measures. 114 Mass. 131; *Id.* 113; 117 N. C. 228; 11 Hun. (N. Y.) 571.

KIRBY, J. C. B. Lyons, the appellee, brought suit in the justice court against G. W. Petty for $33.40, alleged to be due him for weighing 334 bales of cotton at ten cents a bale, in 1913, purchased by said Petty at Mena, in Polk County. Petty denied any liability. Upon the trial in the circuit court, the testimony shows that C. B. Lyons, the duly elected cotton weigher for said county, in 1912, after taking the oath of office and making bond, called on the county clerk to have his scales tested. He stated that the clerk tested them; that he used the scales in 1912, and from the 3d to 15th of November, 1913, weighed 334 bales of cotton which were purchased by C. W. Petty and that Petty had refused to pay the fees therefor. The clerk of the county had not procured a set of weights and measures and had them sealed by the Secretary of State, the Secretary having informed him that he was not supplied with the apparatus for making any such tests and sealing of scales. He thereupon borrowed some test weights from the county clerk of Sevier County and tested the weigher's scales, but did not make

certificate to such test. He did not know whether the weight procured of the Sevier county clerk and used in making the test was correct or not. The appellee stated that the weights marked on the bales of cotton by the weigher were very different from weights given by the consignee to whom he shipped the cotton. Each party asked for a directed verdict and the court directed the jury to find for the cotton weigher, and from its judgment appellant brings this appeal.

It is insisted for reversal that the official weigher was not entitled to fees for weighing the cotton, not having provided for the purpose and used scales properly tested and shown to be correct, as required by law, and that the court erred in not directing a verdict in his favor.

The special Act No. 284 of the Acts of 1905, providing for the election of cotton weighers for this and other counties, was declared constitutional in *Petty* v. *State,* 102 Ark. 170, where it was held that a person who weighed cotton upon his own scales or by any other person than the cotton weigher in the town where that official was engaged in weighing cotton was guilty of a misdemeanor under the terms of the act. The law, as amended by Act 243 of the Acts of 1907, provides that the cotton weigher or any deputy appointed shall receive as compensation for his services ten cents for each bale of cotton weighed, to be paid by the purchaser. It also provides, section 4 of the act of 1905, that, after his election, the weigher shall prepare a convenient place for the performance of his duty and shall keep a pair of scales which shall be tested as is now provided by law and shall weigh, without unnecessary delay, all cotton sold or marketed at his place of business. The law fixes the standard for weights in this State and provides that the clerk of the county court of each county shall procure as soon as practicable, at the expense of the county a complete set of weights, which shall conform to the standard in the office of Secretary of State, that the Secretary of State shall procure a seal or stamp with the letters "S. A.,"

with which he shall seal all weights and measures which are found to be correct upon comparison with the standard in his office, and such weights, after being sealed, shall be a lawful standard for the county by which they are procured, and the several clerks of the county courts shall seal all weights and measures that shall be presented to them for that purpose which correspond with the county standard. Sections 8003-5, Kirby's Digest.

The appellee cotton weigher provided his scales and demanded that the county clerk test and seal them according to law, and was informed that it could not be done because the county had no standard, the Secretary of State not having complied with the law in furnishing it. The county clerk of Polk County thereupon procured from the clerk of an adjoining county a test weight and made a test of the weigher's scales, not knowing whether the test borrowed was correct and conformed to the standard or not.

It was the purpose of the law to prevent fraud in the weighing of cotton and such other merchandise, commodities and articles of commerce as are required to be weighed by the public weigher, and it, therefore, required said official to provide himself with the standard weights for use in performing his official duty.

The officer attempted to comply with the requirements of the law and failed to do so through no fault of his own, but because other officials, over whom he had no control, to whom the duties were entrusted to provide the standard for and make the test of his scales and seal them, failed to perform their duty. This fact does not excuse his failure, however, to provide himself with a pair of scales tested as the law requires, and not having done so, he was not entitled to the fees provided by the act. When he weighed the cotton with scales not officially tested and sealed, the purpose of the law was in no wise met or fulfilled, and whether the cause of his failure be the fault of his own or some one else, the condition is not remedied. When the law requiring him to provide correct scales, officially tested and sealed, made

it a misdemeanor for any other person to weigh any cotton sold or marketed in the town or village where the weigher or his deputy kept scales and was acting in an official capacity, it certainly did not intend to permit him to weigh cotton and charge the fee provided for, upon scales that were not properly tested and known to be correct. In some jurisdictions all sales made of the commodities required to be weighed upon tested and sealed scales are void if they are weighed otherwise, and the statutory penalties are incurred. 30 Am. & Eng. Enc. of Law 459; *Miller* v. *Post,* 1 Allen (Mass.) 434; *Bisbee* v. *McAllen,* 39 Minn. 143; *Sawyer* v. *Smith,* 109 Mass. 220.

We do not deem it necessary or profitable to enter into a construction of the expression "as soon as practicable" in section 8003, Kirby's Digest, requiring the clerk of the county court to provide a set of weights or a standard for the county, since the law has been in force since 1859.

It would be a liberal construction indeed that would excuse the failure to test the weigher's scales in 1913, by holding that the clerk had procured the standard for making the test in 1914, which was "as soon as practicable" after the passage of the law requiring it and that the public weigher was, therefore, not sooner required to use properly tested scales in the performance of his duties.

The court erred in not directing a verdict in favor of the appellant and the judgment is reversed and the cause dismissed.