SHERRILL v. STATE.

Opinion delivered December 9, 1907.

1. FISH AND GAME—CONSTRUCTION OF STATUTES.—Kirby's Digest, §.3600, in so far as it relates to the placing of fish-traps in streams of the State, is repealed by § 3602, subsequently adopted, except as to certain counties exempted from the operation of the subsequent act. (Page 471.)

2. SAME—SUFFICIENCY OF INDICTMENT.—An indictment which alleged that appellant unlawfully placed a fish-trap in a certain stream and unlawfully caught fish with said trap is a sufficient charge that dedefendant constructed the trap in the stream for the purpose of catching fish, within Kirby's Digest, § 3602. (Page 472.)

3. SAME—SURPLUSAGE IN INDICTMENT.—In an indictment for unlawfully placing a fish trap in a stream allegations to the effect that the fish were not caught for family use nor for a picnic are foreign to the charge, and must be rejected as surplusage. (Page 473.)

4. SAME—EXEMPTION OF CERTAIN COUNTIES FROM STATUTE.—Kirby's Digest, § 3602, providing that it shall be unlawful to construct fish-traps in any river or creek of this State, is not void because certain counties of the State were exempted from its operation. (Page 473.)

Appeal from Garland Circuit Court; S. W. Leslie, Special Judge; affirmed.

C. V. Teague, for appellant.

1. If the indictment is to stand at all, it must be under § 3600, Kirby's Digest; yet appellant was tried and convicted under § 3602, Id. This could not properly be done. 58 N. H. 348.

2. The latter statute, § 3602, is in violation of the Constitution forbidding monopolies, and the granting of special privileges or immunities to certain persons or classes not extended to all. (Art. 2, § §.18 and 19, Const.)

William F. Kirby, Attorney General and Dan'l Taylor, for appellee.

1. Appellant was not misled by the omission of the words "fish trap" from the body of the indictment.

2. The conviction was had under § 3602, Kirby's Digest. The constitutionality of that act has already been upheld by this court.

McCULLOCH, J. Appellant was tried and convicted under the following indictment:

"The grand jury of Garland County, in the name and by the authority of the State of Arkansas, accuse Frank Sherrill of the crime of placing a fish trap in the Ouachita River, committed as follows, to-wit: The said Frank Sherrill, in the county and State aforesaid, on the 27th day of November, A. D. 1906, did unlawfully place and erect and cause to be placed and erected in the waters of the State of Arkansas, to-wit: Ouachita River, and then and there unlawfully did catch fish with said trap as aforesaid, said fish not then and there being caught for family use, nor for a picnic, against the peace and dignity of the State of Arkansas."

A demurrer to this indictment was overruled, and appellant excepted.

One of the statutes on this subject reads as follows:

"No person shall be allowed to place, erect or cause to be placed or erected or maintained, in any waters of this State, or in front of the mouth of any stream, slough or bayou, any seine-net, gill-net, trammel-net, set-net, bag-weir, bush-drag, *any fish-trap or dam,* or any other device or obstruction, or by any such means to take or catch any fish in the waters of this State. Provided, the prohibition of this section shall not apply to waters wholly on the premises belonging to such person or persons using such device or devices. * * * Nor shall it be unlawful for any person or persons to place traps in the unnavigable streams in this State, provided such traps do not obstruct the free passage of fish in ascending and descending such streams." Act June 26, 1897, Kirby's Digest, § 3600.

Subsequently the Legislature enacted the following statute, viz.:

"It shall be unlawful for any person, persons, or corporation, to own, control, use or construct, in any river or creek of this State, any fish-trap for the purpose of catching fish therewith. Every person or corporation violating any of the provisions of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than twenty-five dollars, nor more than fifty dollars, and each violation of this act shall constitute a separate offense. Provided, that this act does not apply to the counties of Conway, Arkansas, Saline, Clay, Madison, Little River, Yell, Poinsett, Lincoln, Cleveland,

Lawrence, Union, Carroll, Grant, Pike, Izard, White, Randolph, Calhoun, Bradley, Fulton, Marion, Phillips, Dallas, Baxter, Chicot, Lonoke, Johnson, Ouachita, Independence, Sharp, Miller, Pope, Newton, Cleburne, Van Buren, Searcy, Hot Spring and Stone." Act May 25, 1901, Kirby's Digest, § 3602.

It is evident from a perusal of the indictment that it was framed to meet the provisions of the first-named statute just quoted, and to charge a violation of that statute. It will be seen, however, that the statute subsequently enacted is inconsistent with the terms of the prior one, so far as it prohibits the placing and maintenance of fish traps is concerned, hence the prior one is to that extent repealed thereby. The last statute makes it unlawful to "own, control, use or construct, in any river or creek of this State, any fish-trap for the purpose of catching fish," whether such stream be navigable or unnavigable, and whether such traps obstruct the free passage of fish or not.

The indictment cannot, therefore, be sustained under the statute with reference to which it seems to have been framed. If, however, the allegations thereof are sufficient to charge a violation of the last-named statute, which we hold was the only one in force in Garland County, there is no reason why it should be upheld.

The essential elements of an offense under the statute are that the person accused in the indictment did "own, control, use or construct, in any river or creek of this State, a fish-trap for the purpose of catching fish therewith." The indictment charges in apt words that appellant unlawfully placed and erected in the waters of Ouachita River a fish-trap and unlawfully caught fish with said trap. The precise words of the statute need not be used if words of like import are used, and all the facts which constitute the offense are stated. *Richardson* v. *State,* 77 Ark. 321. It is not alleged in the indictment in so many words that the trap was placed in the stream "for the purpose of catching fish therewith," but it is alleged that defendant placed the trap in the river and caught fish therewith. It would be putting form of expression over substance to say that such an allegation is not equivalent to charging that the trap was placed in the stream for the purpose of catching fish. Taking the whole language of the indictment together, it is

alleged with reasonable certainty that the defendant placed a fish-trap in the water of Ouachita River for the purpose of catching fish.

The allegations to the effect that the fish were not caught for family use nor for a picnic are wholly foreign to the charge, and must be rejected as surplusage.

We think that the indictment charged an offense, and that the demurrer was properly overruled.

It is conceded that the evidence was sufficient to sustain a conviction under section 3602, Kirby's Digest, and that the court submitted this case to the jury under that statute.

Counsel for appellant contend that the statute in question is void because of the exemption in favor of the counties named therein. They argue that the exemption operates in favor of the citizens of those counties, and is in violation of the Constitution, a grant to them of privileges and immunities not extended equally to all other citizens. We do not think the statute has that effect. The Legislature may, in the exercise of the police power, put into operation game and fish laws in localities where they are needed or applicable, and such laws apply in such localities to all persons equally. In counties or localities where the law does not extend all persons alike may enjoy the exemption. In other words, all persons are forbidden the use of fish traps in the counties named, and all persons, so far as the prohibitions of this act are concerned, may use them in the exempted counties.

Affirmed.