## STATE *v.* SCOGGINS.

### Opinion delivered December 23, 1907.

1. INDICTMENT—WORDS OF STATUTE.—An indictment for a statutory offense need not use the exact words of the statute, providing other words conveying the same meaning are employed. (Page 46.)

2. EMBEZZLEMENT—ALLEGATION OF AGENCY.—An indictment for embezzlement which alleges that defendant, being the agent of a certain company "and having then and there in his custody and possession as such agent" certain funds of his employer, did embezzle such funds and convert them to his own use, sufficiently alleges defendant's relation as agent and that he embezzled funds which he held by virtue of that agency. (Page 47.)

Appeal from Conway Circuit Court; *J. Hugh Basham,* Judge; reversed.

#### STATEMENT BY THE COURT.

The appellee was indicted in the Conway Circuit Court for embezzlement. Omitting the formal parts, the indictment is as follows:

"The said J. H. Scoggins, in the county and State aforesaid, on the first day of August, 1906, then and there being over the age of sixteen years, and being the agent of the Missouri Pacific Railway Company, an incorporated company, and having then and there in his custody and possession as such agent, as aforesaid, eighteen hundred dollars,' gold, silver and paper money, lawful money of the United States of America, and the property of the Missouri Pacific Railway Company aforesaid, did unlawfully, fraudulently and feloniously make away with and embezzle and convert to his own use said sum of eighteen hundred dollars, as aforesaid, without the consent of the aforesaid Missouri Pacific Railway Company, against the peace and dignity of the State of Arkansas.

"And the grand jury aforesaid, in the name and by the authority aforesaid, further accuses the said J. H. Scoggins of the crime of embezzlement, committed as follows, towit: The said J. H. Scoggins, in the county and State aforesaid, on the first day of August, 1906, then and there being over the age of sixteen years, and being the agent of the St. Louis, Iron Mountain & Southern Railway Company, an incorporated company, and having then and there in his possession and custody as such agent, as aforesaid, eighteen hundred dollars, gold, silver and paper money, lawful money of the United States of America, and the property of the St. Louis, Iron Mountain & Southern Railway Company aforesaid, did unlawfully, fraudulently and feloniously make way with, embezzle and convert to his own use the said sum of eighteen hundred dollars, as aforesaid, without the consent of the said St. Louis, Iron Mountain & Southern Railway Company, against the peace and dignity of the State of Arkansas."

The defendant demurred, his specific grounds ·of objections being set out as follows:

"1. Said indictment is not direct and certain as to the circumstances of the offense charged, in this: that the facts constituting defendant an agent of the companies mentioned are not set out, nor is it stated what kind of agent defendant was, nor what his duties as such agent were, nor at what place he was agent.

"2. No facts are alleged by which it is made to appear

that defendant was the agent of said railway companies or either of them.

"3. Said indictment does not state that as such agent it was defendant's duty to receive or hold the money alleged to have been embezzled.

"4. It is not alleged in said indictment that the money charged to have been embezzled by defendant, or any part of it, came to defendant's hands or under his care or custody by virtue of his agency.

"5. Said indictment does not state facts sufficient to constitute the offense."

The demurrer was sustained, and the State appeals.

*William F. Kirby,* Attorney General and *Daniel Taylor,* Assistant, for appellant.

In an indictment it is not required that the language of the statute defining the offense be strictly followed, if other words conveying the same meaning are used. Kirby's Digest, § 2241. See also *Id.* § § 2242, 2243.

No indictment is insufficient by reason of any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits. *Id.* § 2229.

Construing the language of the indictment in the usual and ordinary acceptation, it can have no other meaning than that the money came into defendant's possession by virtue of his agency.

*Sellers & Sellers,* for appellee.

The statute provides that "an indictment must be direct and certain as regards * * * the particular circumstances of the offense charged, where they are necessary to constitute a complete offense." Kirby's Digest, § 2227. And the Code does not dispense with the clearness and certainty recognized by the former practice and the common law. 26 Ark. 331. See also 38 Ark. 519; 10 Ark. 536; 6 Ark. 519.

"All the ingredients of fact that are elemental to the definition (of embezzlement) must be alleged so as to bring the defendant precisely and clearly within the statute; if that can be done by simply following the words of the statute, that will do; if not, other allegations must be used." 105 U. S. 611. Keeping in mind the elemental distinction between larceny and

embezzlement, it becomes patent that in the latter crime the manner in which possession was obtained is a material element of the charge, and the indictment in this case, in using the words "having then and there in his possession and custody as such agent" the funds alleged to have been embezzled, is not sufficient, and such language is not equivalent to charging that the funds came into the defendant's possession or under his care or control by virtue of his agency. It does not negative the idea that the funds may not have come into his possession while a mere bailee. 29 Tex. 102; 8 Tex. App. 310; 31 Cal. 110; 78 Ala. 33; 46 Neb. 120; 47 Ark. 488; 54 Me. 408; 1 Bishop, Crim. Proc. 329; 5 Denio, 79; 1 Chitty, Crim. Law, § § 281-3; 19 Cal. 600; 160 U. S. 268; 19 S. W. 715; 43 La. Ann. 202; 15 Nev. 167; 13 Ark. 171; 98 Am. Dec. 138, note; 9 Enc. Pl. & Pr. 422.

WOOD, J., (after stating the facts.) Appellee was indicted under section 1837 of Kirby's Digest, which is as follows:

"If any clerk, apprentice, servant, employee, agent or attorney of any private person, or of any co-partnership, except clerks, apprentices, servants and employees within the age of sixteen years, or any officer, clerk, servant, employee, agent or attorney of any incorporated company, or any person employed in any such capacity, shall embezzle, or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or convert to his own use, without the consent of his master or employer, any money, goods or rights in action, or any valuable security or effects whatsoever belonging to any other person, which shall have come to his possession or under his care or custody by virtue of such employment, office, agency or attorneyship, shall be deemed guilty of larceny, and on conviction shall be punished as in case of larceny."

Appellee contends here that the indictment is insufficient because it does not allege that the funds came to the possession or was under the care or custody of the agent by virtue of the employment or agency. This, of course, is necessary, but the pleader need not use the exact words of the statute, provided other words conveying the same meaning are employed. Section 2241, Kirby's Digest; *Wood* v. *State,* 47 Ark. 488; *Richardson* v. *State,* 77 Ark. 321; *Sherrill* v. *State,* 84 Ark. 470.

The indictment, after alleging the relation of appellee to the railway company as that of "agent," says: "And having then and there in his custody and possession as such agent as aforesaid." These words are equivalent to charging that the funds alleged to have been embezzled came into the custody and possession of appellee by virtue of such employment as agent, or by virtue of his agency. Words used in an indictment must be construed according to their usual acceptation in common language. Section 2242, Kirby's Digest. When we speak of one holding funds "as agent," every one understands that the words "as agent" describe the relation in which, or by which, the funds are held. When these words, "as agent," are used in this connection, they are not *descriptio personae* at all, but they tell how the funds are held. In the usual acceptation, the meaning can be nothing else than that appellee was in possession of the funds, and that such funds had come into his possession or under his care or custody by virtue of his employment as agent.

In *United States* v. *Northway,* 120 U. S. 327, the twelfth count of the indictment charges that the defendant, with proper allegations of time and place, "was then and there president and agent of a certain National Banking Association, * * * and the said Stephen A. Northway, as such president and agent, then and there had and received in and into his possession certain of the moneys and funds of said banking association, * * * and then and there being in the possession of said Stephen A. Northway, as such president and agent aforesaid, he the said Northway, then and there," etc. The statute upon which the prosecution was grounded was as follows: "Every president, director, cashier, teller, clerk, or agent, of any association, who embezzles, etc., any of the money, funds, credits of the association," etc. The court said: "In respect to the counts for embezzlement, it is quite clear that the allegation is sufficient, as it distinctly alleges that the moneys and funds charged to have been embezzled were at the time in the possession of the defendant as president and agent. This necessarily means that they had come into his possession in his official character, so that he held them in trust for the use and benefit of the association. In respect to those funds, the charge against him is that he embezzled them by converting them to his own

use.  This, we think, fully and exactly describes the offense of embezzlement under the act by an officer and agent of the association."

We are of the opinion that the indictment clearly sets forth the fiduciary relation or capacity of appellee to the railway company as that of "agent," and alleges that he embezzled funds which he received and held by virtue of that agency.  See *Ritter* v. *State,* 70 Ark. 472, and *Fleener* v. *State,* 58 Ark. 98, where indictments very similar were held good on demurrer.

The indictment is sufficient.

Reversed and remanded with directions to overrule the demurrer.