## TALLY *v.* STATE.

## Opinion delivered September 30, 1912.

1. EMBEZZLEMENT—INDICTMENT—ALLEGATION OF BAILMENT.—An indictment for embezzlement of chattels belonging to a certain firm, which alleges that he was bailee of such firm, but does not allege that the property came into his possession as bailee nor that the property, being in his possession as bailee, was converted by him to his own use, is insufficient. (Page 29.)

2. INDICTMENT—AMENDMENT BY PROOF.—The omission from an indictment of essential allegations can not be supplied by the proof. (Page 30.)

3. EMBEZZLEMENT—EMBEZZLEMENT BY BAILEE.—Under Kirby's Digest, § 1839, providing that if any carrier or other bailee shall embezzle or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, * * * any * * * property which shall have come into his possession, * * * such bailee * * * shall be deemed guilty of larceny," etc., *held* that one who hires a horse and buggy from another under an express contract to return them at the end of the period of the hire is a bailee. (Page 30.)

Appeal from Pulaski Circuit Court, First Division, *Robert J. Lea,* Judge; reversed.

### STATEMENT BY THE COURT.

The appellant was convicted of embezzlement on an indictment which charges as follows: "The said W. W. Tally, in the county and State aforesaid, on the 10th day of May, A. D. 1912, one horse of the value of one hundred and fifty dollars and one buggy of the value of one hundred dollars the property of Reinman's Stables, a copartnership composed of Louis Reinman and L. Wolfort, and being then and there the bailee of said Louis Reinman and L. Wolfort, did unlawfully and feloniously convert and embezzle to his own use said horse of the value of one hundred and fifty and said buggy of the value of one hundred dollars, the property of said Louis Reinman and L. Wolfort against the peace and dignity of the State of Arkansas."

The appellant moved an arrest of judgment, setting up, in substance, that the facts stated in the indictment did not constitute a public offense within the jurisdiction of the court. The court overruled the motion and entered judgment sentenc-

ing appellant to two years' imprisonment in the penitentiary. Appellant duly excepted, and prosecutes this appeal.

*The Appellant, pro se.*

1. The indictment charges no offense. Kirby's Digest § 1839; 81 Ark. 25; 51 *Id.* 121; 85 *Id.* 47; 79 N. E. 353; 70 Ala. 13; 45 Am. Rep. 70; 16 Tex. App. 586; 118 La. 547; Bishop, Stat. Cr. § § 419, 420.

2. A subsequent felonious intent will not render a previous intention felonious. 13 Ark. 168.

3. The argument of the prosecuting attorney was improper. 74 Ark. 210; 58 *Id.* 473; 71 *Id.* 427; 69 *Id.* 648.

*Hal. L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

The indictment is sufficient under our statute. 3 W. & F. 2731-6; Kirby's Dig., § § 1635-1643, 2089-2102; 60 Ark. 454; 54 *Id.* 611; 51 *Id.* 122; 92 *Id.* 202; Wharton, Cr. Law, § 1885, (8 ed.).

WOOD, J., (after stating the facts). 1. The indictment does not state facts constituting a public offense. It does not state facts sufficient to constitute the offense of embezzlement. To constitute embezzlement of the horse and buggy, it was necessary to charge that same came into the possession of appellant as bailee. The indictment does allege that the appellant was bailee of Reinman & Wolfort, and this was sufficient to show his fiduciary capacity. But nowhere is it alleged that the horse and buggy came into his possession as such bailee, nor is it alleged that the horse and buggy being in his possession as bailee were converted to his own use. In other words, no facts are stated in the indictment to show that appellant had possession of the horse and buggy of Louis Reinman and L. Wolfort as their bailee. This was essential to the validity of the indictment. *State* v. *Scoggins,* 85 Ark. 43.

Had the indictment set up that appellant was in possession of the horse and buggy of ' Reinman & Wolfort as bailee in general terms, it would have been sufficient to have advised appellant that he came into the possession of the horse and buggy for some special purpose, upon the accomplishment of which the property was to be returned or delivered over to

its owners; or if, instead of this, the indictment had set up specifically the facts showing that appellant had possession of the property as bailee, it would have been sufficient. *Stormes v. State*, 81 Ark. 30. But nothing of the kind is alleged. For aught that appears to the contrary in the indictment, appellant might have been the bailee of Reinman & Wolfort, and yet might not have obtained possession of the horse and buggy as such bailee at all. He might have been a bailee of Reinman & Wolfort, and yet have bought the horse and buggy from some one who had stolen the same from the owners; or, he might have been their bailee and have stolen the horse and buggy himself. The indictment nowhere shows how appellant came into possession of the property he is alleged to have embezzled.

2. The evidence adduced at the trial showed that appellant hired the horse and buggy from Reinman & Wolfort for a day, but this proof could not supply essential allegations in the indictment. Moreover, it is contended by appellant that the hiring of the horse and buggy did not constitute appellant a bailee; and, inasmuch as the case must be remanded to the circuit court with directions to arrest the judgment and quash the indictment, a new indictment may be returned alleging facts to show that appellant came into possession of the horse and buggy by hiring the same.

Appellant contends that, even though such were the fact, it would not constitute him a bailee under section 1839 of Kirby's Digest, and that therefore he would not be guilty of embezzlement. Inasmuch as the question would necessarily arise and would have to be adjudicated if presented on another appeal, we will dispose of it now.

Section 1839 of Kirby's Digest provides: "If any carrier or other bailee shall embezzle or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any money, goods, rights in action, property, effects or valuable security, which shall have come to his possession, or have been delivered to him, or placed under his care or custody, such bailee, although he shall not break any trunk, package, box or other thing in which he received them, shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny."

In *Wallis* v. *State*, 54 Ark. 611, this court held that the term "bailee" as used in the statute was not confined to bailees of the generic class of carriers, but embraced all bailees. In thus construing it our court adopted the construction of the Supreme Court of Missouri upon a statute of which ours is a substantial copy. The Supreme Court of Missouri, in *Norton* v. *State*, 4 Mo. 461, construing the statute said: "In our opinion, the Legislature intended to make it larceny in all bailees to embezzle and convert goods," etc.

Our court, speaking through Justice HEMINGWAY, after quoting the above from the Missouri Supreme Court, said: "Upon consideration we are constrained to adopt the construction first put upon the act in Missouri. That does not extend the natural import of the terms employed, or enlarge the scope of the act by construction; but accords to these terms their ordinary signification, and declines to restrict their operation."

In *Dotson* v. *State*, 51 Ark. 122, Judge BATTLE, in construing the term "bailee" as used in this statute, said: "The term 'bailee,' when used in statutes declaring what acts of embezzlement shall constitute a public offense, is not to be understood, says Mr. Wharton, 'in its large, but in its limited sense, as including simply those bailees who are authorized to keep, to transfer, or to deliver, and who receive the goods first *bona fide*, and then fraudulently convert.' When it does not appear that any fiduciary duty is imposed on the defendant to restore the specific goods of which the alleged bailment is composed, a bailment under the statute is not constituted, though it is otherwise when a specific thing, whether money, securities, or goods, is received in trust and then appropriated."

This language was again quoted approvingly in *Compton* v. *State*, 102 Ark. 213, where, under the peculiar facts of that case, it was held that the accused was a bailee in its limited and restricted sense.

In the case at bar, if the appellant, as the proof tends to show, hired the horse and buggy of Reinman & Wolfort, then he was under an express contract to return the horse and buggy at the end of the period of hire to their owners. This would constitute him a bailee under the statute.

Appellant relies upon the cases of *Watson* v. *State*, 70

Ala. 13, and *Reed* v. *State*, 16 Tex. App. 586. These courts, under the construction given their particular statutes, hold that, while the hirer of chattels is a bailee, he is not a bailee of the particular class or kind referred to in the statutes. An examination of these cases will discover that the courts, in construing the word "bailee," as used in the statute, applied the rule of *ejusdem generis*, and held that the term "bailee" was restricted and limited by other terms used in the statute with which it was associated, and confined it to the classes of bailees therein enumerated. But our own court, in construing our statute, has not applied the rule of *ejusdem generis*, but has given the statute a broader meaning than that rule would admit of. *Wallis* v. *State, supra.*

For the error in refusing to grant appellant's motion, the judgment is reversed, and the cause is remanded with directions to quash the indictment, and for such further proceedings as the circuit court may deem necessary.

HART and KIRBY, JJ., dissenting.