STOCKTON *v.* STATE.

Opinion delivered June 27, 1927.

EMBEZZLEMENT—SUFFICIENCY OF INDICTMENT.—An indictment for embezzlement which fails to charge facts showing that defendant had possession of the bond alleged to have been embezzled as a bailee is insufficient, under Crawford & Moses' Dig., §§ 2500, 2502, in failing to. allege defendant's fiduciary capacity.

Appeal from Franklin Circuit Court, Ozark District; *J. O. Kincannon,* Judge; reversed.

*J. P. Clayton* and *Evans & Evans,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

MEHAFFY, J.   The appellant, Finis E. Stockton, was indicted in the Franklin Circuit Court of the Ozark District in two counts.   The first count charged the larceny of a Government bond of one thousand dollars, belonging to J. S. Turner.   The second count in the indictment charged the defendant with embezzling the same bond.

The defendant demurred to the indictment on the ground that it did not state facts sufficient to constitute the crime of larceny or embezzlement.   The court overruled the demurrer, and appellant filed a motion in arrest of judgment, which was also overruled, and exceptions saved.   The appellant filed a motion for a new trial, which was overruled, exceptions saved, and appeal taken to this court.

The charge of embezzlement in the indictment is as follows:

"The grand jury aforesaid, in the name and by the authority aforesaid, further accuses Finis E. Stockton, of the crime of embezzlement, committed as follows:

"That the said Finis E. Stockton, in. the county, district and State, and at the time aforesaid, and having then and there in his custody and possession one United States one-thousand dollar Liberty bond of the value of one thousand dollars, and the property of J. S. Turner, did unlawfully, fraudulently and feloniously make away with and embezzle and convert to his own use the said one-

thousand dollar United States Government Liberty bond, as aforesaid, without the knowledge and consent of the aforesaid J. S. Turner.''

Appellant contends that the indictment is insufficient to charge the crime of embezzlement. The indictment was drawn under § 2500 of Crawford & Moses' Digest, which is as follows:

''If any clerk, apprentice, servant, employee, agent or attorney of any private person, or of any copartnership, except clerks, apprentices, servants and employees within the age of sixteen years, or any officer, clerk, servant, employee, agent or attorney of an incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make way with, or secrete, with intent to embezzle or convert to his own use, without the consent of the master or employer, any money, goods or rights in action, or any valuable security, or effects whatsoever, belonging to any other person, which shall have come to his possession, or under his care or custody, by virtue of such employment, office, agency or attorneyship, he shall be deemed guilty of larceny, and, on conviction, shall be punished as in cases of larceny.''

This section of the Digest was read to the jury as the section under which the indictment was drawn. The other section of the Digest discussed is § 2502 of Crawford & Moses' Digest, and it reads as follows:

''If any carrier or other bailee shall embezzle, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any money, goods, rights in action, property, effects or valuable security, which shall have come to his possession, or have been delivered to him, or placed under his care or custody, such bailee, although he shall not break any trunk, package, box or other things in which he received them, shall be deemed guilty of larceny, and, on conviction, shall be punished as in cases of larceny.''

It will be observed that the indictment does not charge anywhere that the appellant had possession of

the bond or received it as clerk, apprentice, servant, employee, agent or attorney, and does not allege that he was bailee, and a majority of the court are of the opinion that the indictment does not state facts sufficient to constitute the crime of embezzlement. To constitute embezzlement under this statute it is necessary to charge that the bond came into possession of the appellant as bailee or agent, etc., or the indictment must contain allegations sufficient to show the fiduciary capacity of the appellant.

This court held, in passing upon an indictment for embezzlement, where the indictment charged the embezzlement of a horse and buggy, and also charged that the defendant was then and there bailee, that the indictment did not state facts constituting a public offense and did not state facts sufficient to constitute the offense of embezzlement. "To constitute embezzlement of the horse and buggy, it was necessary to charge that same came into possession of the appellant as bailee. The indictment does allege that the appellant was bailee of Reiman and Wolfort, and this was sufficient to show his fiduciary capacity. But nowhere is it alleged that the horse and buggy came into his possession as such bailee, nor is it alleged that the horse and buggy, being in his possession as bailee, were converted to his own use. In other words, no facts are stated in the indictment to show that appellant had possession of the horse and buggy of Louis Reiman and L. Wolfort as their bailee. This was essential to the validity of the indictment." *Tally* v. *State,* 105 Ark. 28, 150 S. W. 110.

We think the case at bar is ruled by the above case. In the case at bar, however, it is not even charged that the appellant was bailee. There is nothing in the indictment to indicate the fiduciary capacity. See *State* v. *Scoggins,* 85 Ark. 43, 106 S. W. 969.

As we have said, the case of *Tally* v. *State,* above mentioned, rules this case, and in the Tally case there is a thorough discussion of the law, and numerous authorities are cited, and it would be useless to repeat them here.

Since we have reached the conclusion that the indictment does not state facts sufficient to constitute the crime of embezzlement, it becomes unnecessary to discuss the other questions discussed by attorneys in their briefs. This case is reversed, and remanded with directions to sustain the demurrer to the indictment.